FILED
5th JUDICIAL DISTRICT COURT
Chaves County
7/8/2022 3:19 PM
KATIE ESPINOZA
CLERK OF THE COURT
Nadia Karavdic

STATE OF NEW MEXICO
COUNTY OF CHAVES
FIFTH JUDICIAL DISTRICT COURT

| | |
|---|---|
| JUAN MEDINA, § | |
| Plaintiff, § | |
| § | |
| v. § | No. D-504-CV-2022-00388 |
| § | Case assigned to Hudson, James M. |
| KANIA, INC., MB GLOBAL LOGISTICS, § | |
| INC., and MOHAMED IBRAHIM, § | |
| Defendants. § | |

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERSONAL INJURY

COMES NOW Plaintiff, JUAN MEDINA, by and through undersigned counsel, before this Honorable Court and asserts the following factual allegations and causes of action against Defendants, KANIA, INC., MB GLOBAL LOGISTICS, INC., and MOHAMED IBRAHIM.

## I.
## PARTIES

1.  Plaintiff Juan Medina is a natural person and resident of Chaves County, New Mexico.

2.  Defendant Kania, Inc. is a company conducting business in the State of New Mexico, with its principal place of business in Bloomingdale, DuPage County, Illinois. This defendant may be served with process by serving its registered agent, Aiste Kaniauskaite, at 125 Fairfield Way, Ste. 105D, Bloomingdale, IL 60108.

3.  Defendant MB Global Logistics, Inc. is a company conducting business in the State of New Mexico, with its principal place of business in Addison, DuPage County, Illinois. This defendant may be served with process by serving its registered agent, Nasser Afzali, at 240 E. Lake St., Ste. 307, Addison, IL 60101.

**Exhibit B**

4. Defendant Mohamed Ibrahim is a natural person and resident of High Point, Gulford County, North Carolina. This defendant may be served with process at his residence, 1919 Fern Ave., High Point, NC 27260-5521.

## II.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve New Mexico statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

6. This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate entities conducting business in the State of New Mexico, have sufficient minimum contacts with the State of New Mexico, and/or have purposefully availed themselves of the laws and markets of the State of New Mexico so as to not offend traditional notions of fair play and substantial justice by calling them before this Honorable Court.

7. Venue is proper in Chaves County, New Mexico because, pursuant to NM Stat § 38-3-1 A (2018), it is the county in which Plaintiff resides.

## III.
## FACTS

8. On or about March 3, 2020, Plaintiff Juan Medina, a belted driver, was traveling northbound on the inside lane of Highway 285 in Roswell, Chaves County, New Mexico.

9. At the same time, Defendant Mohamed Ibrahim was operating a 2020 IHC commercial truck, traveling northbound on Highway 285, approaching its intersection with Charleston Road.

10. Defendant Ibrahim missed his turn and attempted to make an unsafe U-turn at Charleston Road and Highway 285.

**Exhibit B**

11. In making the sudden U-turn, Defendant Ibrahim struck Plaintiff's vehicle on the passenger side as Plaintiff continued northbound on Highway 285.



12. At the time of the crash, Defendant Ibrahim was acting as an employee, agent, ostensible agent, or servant of Defendant Kania, Inc., which was the owner of the subject tractor/trailer.

13. Alternatively, at the time of the crash, Defendant Ibrahim was acting as an employee, agent, ostensible agent, or servant of Defendant MB Global Logistics, Inc., which was the owner of the subject tractor/trailer.

14. After an investigation, Deputy Jeromy Parmer of the Chaves County Sheriff's Office found Defendant Ibrahim to have been the sole cause of the crash due to his improper turn.

15. Through various negligent and negligent *per se*, acts and/or omissions of Defendants, described herein, Plaintiff has suffered substantial and permanent personal injuries, harms, and damages.

**Exhibit B**

## IV.
## CAUSES OF ACTION

A. **Negligence of Mohamed Ibrahim**

16. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

17. Defendant Mohamed Ibrahim owed duties of ordinary care to Plaintiff and other motorists on the roadway.

18. Defendant Mohamed Ibrahim's conduct, as outlined above, breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

    (a) making an unsafe/improper U-turn;

    (b) failing to yield the right-of-way to other lawful traffic;

    (c) driving while distracted;

    (d) failing to keep a proper lookout;

    (e) failing to exhibit proper commercial driver attention;

    (f) failing to control the speed of his entrusted commercial truck;

    (g) failing to make timely or proper application of brakes to avoid the crash;

    (h) failing to take proper evasive action to avoid the collision; and

    (i) driving in a reckless manner.

19. As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

**Exhibit B**

### B. Negligence *Per Se* of Mohamed Ibrahim

20. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

21. Additionally, and without waiving any of the foregoing, Plaintiff will show that, as is recognized under New Mexico law, the acts or omissions as are set forth above amount to negligence *per se* through Defendant Mohamed Ibrahim's:

    (a) traveling at speeds greater than was reasonable and prudent under existing circumstances in violation of NM Stat § 66-7-301;

    (b) operating his vehicle in a careless manner in violation of NM Stat § 66-8-114; and

    (c) creating an obstruction on a public roadway in violation of NM Stat § 67-7-1.

22. Plaintiff will show that the harms, injuries, and damages which he has been forced to endure as a result of this collision are of the kind that the statutes and/or regulations in question were meant to prevent.

23. Additionally, Plaintiff will show that he is within the class of persons, the driving public, whom the New Mexico Legislature/Federal Motor Carrier Safety Administration sought to protect with the passage of these statutes/regulations.

### C. Agency/*Respondeat Superior*

24. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

25. Without waiving the aforementioned, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant Mohamed Ibrahim was in the course and scope of his employment with Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. at the time of this collision.

**Exhibit B**

26. Under the doctrine of *respondeat superior*, Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. is responsible for Plaintiff's damages caused by Defendant Mohamed Ibrahim's negligent and negligent *per se* acts and/or omissions as described above.

    **D.**    **Negligent Hiring by Kania, Inc./MB Global Logistics, Inc.**

27. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

28. Plaintiff alleges herein that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. was negligent in the hiring of Defendant Mohamed Ibrahim in that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. knew, or in the exercise of reasonable care should have known, that Defendant Mohamed Ibrahim was unfit or unqualified for a position to safely operate a commercial motor vehicle.

    **E.**    **Negligent Training by Kania, Inc./MB Global Logistics, Inc.**

29. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

30. Plaintiff alleges herein that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. failed to properly train and/or instruct Defendant Mohamed Ibrahim for the job he was to perform and for the safe operation a commercial motor vehicle at the time of the crash. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. failed to instruct or train Defendant Mohamed Ibrahim concerning the subject motor vehicle and allowed Defendant Mohamed Ibrahim to drive the commercial motor vehicle when it knew or should have known that Defendant Mohamed Ibrahim was not capable of or qualified in operating the vehicle prudently.

**Exhibit B**

**F.     Negligent Supervision by Kania, Inc./MB Global Logistics, Inc.**

31.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

32.     Plaintiff alleges herein that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. was negligent in the supervision of Defendant Mohamed Ibrahim, in that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. knew, or in the exercise of reasonable care should have known, that Defendant Mohamed Ibrahim was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. failed to supervise Defendant Mohamed Ibrahim for the job that he was to perform. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. failed to supervise Defendant Mohamed Ibrahim on the date of the incident in question, and allowed, or failed to prevent, Defendant Mohamed Ibrahim from operating Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc.'s commercial vehicle in an unsafe manner.

**G.     Negligent Retention by Kania, Inc./MB Global Logistics, Inc.**

33.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

34.     Plaintiff alleges herein Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. was negligent in the retention of Defendant Mohamed Ibrahim in that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. knew, or in the exercise of reasonable care should have known, that Defendant Mohamed Ibrahim was unfit or unqualified for a position for which he was required to safely operate a commercial motor vehicle. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. negligently retained Defendant Mohamed Ibrahim before the

**Exhibit B**

date of the incident in question, and allowed, or failed to prevent, Defendant Mohamed Ibrahim from operating the commercial vehicle in an unsafe manner.

### H.     Negligent Entrustment by Kania, Inc./MB Global Logistics, Inc.

35.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

36.     Plaintiff alleges herein that Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. entrusted its commercial vehicle to a reckless and/or incompetent Defendant Mohamed Ibrahim. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc. knew, or in the exercise of reasonable care should have known, that Defendant Mohamed Ibrahim was reckless and/or incompetent.

### I.     *Res Ipsa Loquitur*

37.     Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

38.     Without waiving the aforementioned, in conjunction with, additionally, and/or alternatively, Plaintiff further pleads the doctrine of *res ipsa loquitur*, or circumstantial evidence of negligence. *Res ipsa loquitur* is a Latin phrase meaning "the thing speaks for itself." *Mireles v. Broderick*, 117 N.M. 445 (N.M. 1994). *Res ipsa loquitur* applies when: 1) the character of the incident is such that it would not ordinarily occur in the absence of negligence, and 2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Id*.

39.     The incident made the basis of this lawsuit is one which would not have ordinarily occurred in the absence of negligence. Defendant Kania, Inc. and/or Defendant MB Global Logistics, Inc., and its employee, agent, or servant, Defendant Mohamed Ibrahim, managed and

**Exhibit B**

were in control of the subject commercial tractor/trailer at the time of the crash in question. There is no evidence that the actions of others caused the incident. The doctrine of *res ipsa loquitur* is legally applicable to this cause of action against Defendants herein, and the jury may infer negligence from the facts of the case.

## V.
## DAMAGES

40. As a result of the negligent and negligent *per se* conduct of Defendants, Plaintiff suffered injuries, harm, and damages. The injuries have had a serious effect on Plaintiff's life, health, and well-being. Because of Defendants' acts and/or omissions, Plaintiff suffered damages within the jurisdictional limits of the Court, which include, but are not limited to:

   (a) Reasonable and necessary medical treatment paid or incurred in the past;

   (b) Reasonable and necessary medical treatment which will be necessary in the future;

   (c) Past and future physical pain and suffering;

   (d) Past and future physical impairment;

   (e) Past and future physical disfigurement;

   (f) Past and future mental anguish;

   (g) Past and future loss of enjoyment of life;

   (h) Lost wages; and

   (i) Loss of earning capacity.

41. Plaintiff suffered losses and damages in a sum within the jurisdictional limits of this Court.

**Exhibit B**

## VI.
## JURY DEMAND

42. Pursuant to NMRA Rule 1-038, Plaintiff hereby demands a jury of six (6) persons.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants as follows:

    (a) An award of actual damages;

    (b) An award of pre- and post-judgment interest; and

    (c) All other relief the Court determines is just under the circumstances, whether in law or in equity.

Respectfully submitted,

**THE STEWART LAW FIRM, PLLC**

By: */s/ Stephen W. Stewart*
Stephen W. Stewart
sws@thestewartlawfirm.net
2800 South IH-35, Suite 165
Austin, Texas 78704
Phone: (512) 326-3200
Fax: (512) 326-8228

**HARMONSON LAW FIRM, P.C.**

By: */s/ S. Clark Harmonson*
S. Clark Harmonson
clark@clarkharmonsonattorney.com
5505 N. Mesa, Suite 3
El Paso, Texas 79912
Phone: (915) 584-8777
Fax: (915) 247-2027

**ATTORNEYS FOR PLAINTIFF**

**Exhibit B**

```
                                                              FILED
                                                   5th JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO                                      Chaves County
COUNTY OF CHAVES                                       7/11/2022 3:12 PM
FIFTH JUDICIAL DISTRICT COURT                           KATIE ESPINOZA
                                                       CLERK OF THE COURT
                                                          Nadia Karavdic
```

| | |
|---|---|
| JUAN MEDINA, § | |
| Plaintiff, § | |
| § | |
| v. § | No. D-504-CV-2022-00388 |
| § | |
| KANIA, INC., MB GLOBAL LOGISTICS, § | |
| INC., and MOHAMED IBRAHIM, § | |
| Defendants. § | |

## PLAINTIFF'S SIX PERSON JURY DEMAND

**TO THE HONORABLE COURT:**

Plaintiff hereby demands a jury of six persons, and tenders the requisite fee in accordance with this demand.

Respectfully submitted,

**HARMONSON LAW FIRM, P.C.**

By: /s/ S. Clark Harmonson
S. Clark Harmonson
clark@clarkharmonsonattorney.com
5505 N. Mesa, Suite 3
El Paso, Texas 79912
Phone: (915) 584-8777
Fax: (915) 247-2027

**THE STEWART LAW FIRM, P.L.L.C.**

By: /s/ Stephen W. Stewart
Stephen W. Stewart
sws@thestewartlawfirm.net
2800 South IH-35, Suite 165
Austin, Texas 78704
Phone: (512) 326-3200
Fax: (512) 326-8228

**ATTORNEYS FOR PLAINTIFF**

**Exhibit B**